# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2020

Lyle W. Cayce
Clerk

No. 18-11650

JOSEPH WAYNE HUNTER,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1886

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Joseph Wayne Hunter, Texas prisoner # 1981619, was convicted by a jury of aggravated assault with a deadly weapon and causing serious bodily injury, enhanced by family violence, and was sentenced to 25 years of imprisonment. The district court denied some of his 28 U.S.C. § 2254 claims as procedurally defaulted and other claims on the merits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11650

To obtain a COA, Hunter must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When constitutional claims have been rejected on the merits, the prisoner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *id.*, "or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).

Hunter has inadequately briefed and therefore waived his request for a COA with respect to his claims of actual innocence, ineffective assistance of appellate counsel, prosecutorial misconduct, and insufficiency of the evidence. *See McGowen v. Thaler*, 675 F.3d 482, 497 (5th Cir. 2012). With respect to his claims that trial counsel was ineffective for failing to call certain witnesses and for failing to investigate and introduce into evidence the 911 call notes and incident report, and that he was entitled to amend his petition, he fails to make the requisite showing for the issuance of a COA. *See Miller-El*, 537 U.S. at 336. His motion for a COA is therefore denied as to those claims. We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm, *see Cullen v. Pinholster*, 563 U.S. 170, 181-82, 185-86 (2011).

COA DENIED; AFFIRMED.